UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**KEITH LANDRY and JOSETTE LANDRY**                                    **PLAINTIFFS**


**V.**                                               **CIVIL ACTION NO.1:06CV941 LTS-RHW**


**KATHLEEN R. SMITH;**
**WORLDWIDE INSURANCE & SAVINGS AGENCY, INC.;**
**WORLDWIDE INSURANCE & SAVINGS AGENCY #2, INC.;**
**VOYAGER INDEMNITY INSURANCE COMPANY; and**
**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA**        **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

The Court has before it Plaintiffs Keith Landry and Josette Landry's (the Landrys) motion to remand.

This is an action to recover for property damage sustained during Hurricane Katrina.  Before the storm, the Landrys resided at 6075 W. Bolivar, Bay St. Louis, Mississippi.  Their residence was damaged during the storm.

Plaintiffs allege that at the time Katrina struck, on August 29, 2005, their residence was insured under two policies:  American Bankers Insurance Company of Florida's (American Bankers) policy number CMH8960700, and Voyager Indemnity Insurance Company's (Voyager) policy number CTP005147-02.  Both American Bankers and Voyager have diverse citizenship from the Landrys, who are Mississippi resident citizens.

The Landrys allege that they purchased their insurance coverage through Defendant Kathleen R. Smith (Smith) in 2004.  The complaint does not make clear what the relationship is between Smith and Defendants Worldwide Insurance & Savings Agency, Inc. (Worldwide #1) and Worldwide Insurance & Savings Agency #2, Inc. (Worldwide #2), but I will assume that the Landry's are asserting a theory of vicarious liability against these defendants.  Both Worldwide #1 and Worldwide #2 are Mississippi corporations with their principal places of business in Mississippi.  Smith is alleged to be a resident citizen of Mississippi.

The Landrys allege that Smith dissuaded them from purchasing flood insurance on their residence. The Landrys allege that they specifically requested that Smith procure flood coverage, but that Smith told them that flood coverage would be too expensive, that they did not live in a flood zone, and that the homeowners policy they purchased would cover any damages caused by severe weather. (Complaint Paragraphs 11 and 12) The Landrys charge Smith with negligence.

The Landrys' motion to remand asserts that this Court lacks subject matter jurisdiction under 28 U.S.C. §1332 because there is no complete diversity of citizenship. Defendant American Bankers and Voyager contend that the Landrys do not have a valid cause of action against any of the three Mississippi defendants and that these Mississippi defendants have been fraudulently joined to defeat the Court's diversity jurisdiction.

The defendants assert that the relevant sequence of events concerning the Landrys' insurance coverage are these:

The Landrys first purchased a Voyager insurance policy for coverage during the period from October 26, 2004, through October 26, 2005. This transaction occurred at some time in 2004. Defendants have filed a document entitled "Abstract of Coverage," indicating that the Voyager policy provided coverage for this one-year period. This document does not disclose the date the Voyager policy, number CTP006147-00, was purchased. This abstract does identify Plaintiffs as the named insureds, and it identifies the insured property at the plaintiffs' address. (Exhibit 1 to American Bankers Response to Motion To Remand)

The Voyager policy was cancelled because the plaintiffs failed to pay the premium. By letter dated January 3, 2005, Specialty Risk Associates, Inc., notified the plaintiffs that this policy would be cancelled, effective January 11, 2005, unless the past-due premium were paid. (Exhibit 2 to American Bankers Response to Motion To Remand)

American Bankers policy number CMH896070 was issued on January 24, 2005, for the period December 26, 2004, through December 26, 2005. This was lender-placed flood insurance. (Exhibit 3 to American Bankers Response to Motion To Remand) This policy is not in the record. This policy was cancelled on March 31, 2005. The cancellation was effective from the date of inception of coverage (December 26, 2004) and the full premium ($736.00) was refunded. (Exhibit 4 to American Bankers Response to Motion To Remand)

Voyager has submitted a copy of the declarations page and the text of policy number CTP005147-02. The coverage period for this policy is shown as October 26, 2004, through October 26, 2005, (the original policy period on the cancelled Voyager policy). The policy indicates that it was issued on November 29, 2004. (Exhibit 5 to American Bankers Response to Motion To Remand) This declarations page reflects a different policy number from the number shown on the abstract. It is not clear whether

this is the declarations page for the policy the plaintiffs originally purchased or for the policy that became effective after the plaintiffs cured their default in paying the premiums on the original Voyager policy, and in the context of this motion to remand I cannot see that it makes any difference.  Voyager acknowledges that one of its policies was in effect on August 29, 2005, and that it covered the plaintiffs' residence in accordance with its terms.

The policy currently in the record, Voyager policy number CTP005147-02, is entitled Special Mobile Homeowners Policy, and by the terms of endorsement V14195E1294, it excludes coverage for loss or damage "directly or indirectly caused by or resulting from flood or rising water." (Exhibit 5 to American Bankers Response to Motion To Remand) It is apparently this Voyager policy that was in effect at the time of the storm.

Thus, according to the documentation now in the record, American Bankers policy number CMH89600700 was cancelled on March 31, 2005, and 100% of the premium was refunded.  If this is the case, American Bankers is entitled to be dismissed from this action.  It makes no difference that Defendants Worldwide #1 and Worldwide #2 have admitted in their answer that the American Bankers policy was in force at the time of the storm.  There has been no showing that either of these defendants would be in a position to know the status of the American Bankers policy on the date of the storm, and the admissions of these two defendants would not be admissions by American Bankers.

It also appears that Worldwide #1 and Worldwide #2 may be entitled to be dismissed pursuant to the motion in the First Defense of their answer.  According to the documentation submitted by American Bankers, these defendants did not sell the Voyager policy to the plaintiffs.  The abstract of coverage submitted by American Bankers indicates that the "Subproducer" for the Voyager policy number CTP 006147-00 is "WORLDWIDE INS AGENCY III INC." (Exhibit 1 to American Bankers Response to Motion To Remand) Plaintiffs' own documentation concerning these corporations indicates that Worldwide #1, Worldwide #2, and Worldwide Insurance Agency III, Inc. (Worldwide #3) were separate corporations.  Worldwide #3 was administratively dissolved on March 9, 2001.  Defendant Kathleen Smith is identified as the Secretary of Worldwide #3 at the time of its dissolution, but her name does not appear in any of the corporate records for Worldwide #1 or Worldwide #2 that the plaintiffs have submitted. (Exhibits 3 and 4 to Memorandum in Support of Motion To Remand)

Thus, according to the documentation now in the record, Worldwide #1 and Worldwide #2 appear to have no connection with Defendant Smith or with the sale of the insurance policies involved in this action.

Defendant Smith has not answered or appeared of record.  The summons for Defendant Smith was returned unexecuted on August 15, 2006.  There is no evidence in the record that plaintiffs have made any additional effort to serve process on Defendant Smith.

  This action was filed on June 6, 2006. (Civil Cover Sheet from the state court record)  Under M.R.C.P. 4(m) and under F.R.Civ.P. 4(m), a defendant not served within 120 days after the filing of the complaint is subject to being dismissed from the action without prejudice.

  It is my present inclination to enter an order of dismissal without prejudice as to Defendants Smith, Worldwide #1, Worldwide #2, and American Bankers.  This would appear to me to leave this lawsuit in its proper posture, as an action between the plaintiffs and Voyager.  I am mindful, however, that the motion before me is one to remand, and that I have taken into consideration materials outside the pleadings.  Accordingly, I will allow the plaintiff fourteen days to show cause, by the submission of sufficient evidence to create a genuine issue of material fact, why Defendant Smith should not be dismissed without prejudice for the failure to serve her with process within the time permitted by the applicable rules of court; why Defendants Worldwide #1 and Worldwide #2 should not be dismissed without prejudice; and why Defendant American Bankers should not be dismissed without prejudice on the grounds that its policy was cancelled on March 31, 2005, from its inception with a full refund of the policy premium.

  The stays entered by the United States Magistrate Judge on October 4, 2006, and on October 13, 2006, are hereby **MODIFIED** to allow the plaintiff to submit such evidence as would be appropriate on a motion for summary judgment addressed to the question of whether these four defendants should be dismissed without prejudice.  This evidence must be submitted within fourteen days of the date of this order.  The defendants shall thereafter have a period of fourteen days to submit any similar evidence in support of their positions.  The motion to remand will be held in abeyance pending the submission of these materials.

  **SO ORDERED** this 18th day of October, 2006.

          s/ *L. T. Senter, Jr.*
          L. T. Senter, Jr.
          Senior Judge