UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KEITH LANDRY and JOSETTE LANDRY**                                    **PLAINTIFFS**

**V.**                                    **CIVIL ACTION NO.1:06CV941 LTS-RHW**

**KATHLEEN R. SMITH;**
**WORLDWIDE INSURANCE & SAVINGS AGENCY, INC.;**
**WORLDWIDE INSURANCE & SAVINGS AGENCY #2, INC.;**
**VOYAGER INDEMNITY INSURANCE COMPANY; and**
**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA**     **DEFENDANTS**

**MEMORANDUM OPINION ON MOTION TO REMAND**

The facts alleged in this case are set out in the Memorandum Opinion and Order entered on October 19, 2006. That order sets out my view of the evidence previously in the record, and it is incorporated here by reference.

The October 19, 2006, order granted the plaintiffs fourteen days within which to submit evidence in support of their claims against Defendants American Bankers Insurance Company of Florida (ABIC), Worldwide Insurance & Savings Agency, Inc. (Worldwide #1), and Worldwide Insurance & Savings Agency #2, Inc. (Worldwide #2). That order also granted the plaintiffs fourteen days to show cause why Defendant Kathleen R. Smith (Smith) should not be dismissed without prejudice for plaintiffs' failure to serve her with process within the time allowed by the applicable rules of court.

The plaintiffs have now responded to the October 19, 2006, order by submitting five documents, three of which (Exhibits 3, 4, and 5 to Plaintiffs' Response and Submission of Evidence in Support of Plaintiffs' Motion To Remand and Motion for Leave to File First Amended Complaint and Motion for Extension of Time To Serve Defendant) were already part of the record. The two new documents are: Exhibit 1, an affidavit signed by both plaintiffs; and Exhibit 2, a proposed amended complaint.

These documents are not sufficient to create a genuine issue of material fact with respect to the plaintiffs' claims against ABIC, Worldwide #1, or Worldwide #2; and these documents are also insufficient to justify the plaintiffs' failure to timely serve process on Smith. Accordingly, I will enter orders of dismissal without prejudice as to these four defendants, and I will deny the plaintiffs' motion to remand.

### Plaintiffs Claim Against ABIC

ABIC issued policy number CMH896070 on January 24, 2005, for the policy period December 26, 2004, through December 26, 2005. This was a lender-placed flood insurance policy purchased as a result of the plaintiffs' insurance with Voyager Indemnity Insurance Company (Voyager) being cancelled for failure to pay premiums. When the Voyager policy was reinstated, the ABIC policy was cancelled on March 31, 2005, and 100% of the premium was refunded. Thus, the ABIC policy was not in effect at the time of the loss. ABIC is entitled to be dismissed from this action. An appropriate order of dismissal will be entered.

### Plaintiffs' Claims Against Worldwide #1 and Worldwide #2

There is no evidence that would support an inference that either Worldwide #1 or Worldwide #2 was involved in the sale of the Voyager policy to the plaintiffs. The plaintiffs allege that they purchased their insurance through Smith, who is identified as the Secretary of Worldwide #3. Worldwide #3 is shown as the "Subproducer" of the Voyager policy number CTP 006147-00, the policy in effect for the plaintiffs' property at the time of the storm. Worldwide was administratively dissolved on March 9, 2001.

Plaintiffs' contend that the relationship between the principals of Worldwide #1, Worldwide #2, and Worldwide #3 (three sisters) was such that Worldwide #1 and Worldwide #2 may be legally liable for the acts of Smith. Yet the plaintiffs have been unable to produce any evidence that Smith was acting on behalf of Worldwide #1 or Worldwide #2 in connection with the sale of the Voyager policy.

### Proposed Amended Complaint

Plaintiffs have submitted a proposed amended complaint that would add Mary Ann Bunnell, Ruth E. Dandrea, and Diane Lynn Clark as defendants. These three individuals were, respectively, the Vice President, President, and Treasurer of World Wide #3, the corporation in which Smith served as Secretary and Registered Agent for Service of Process. The proposed amended complaint alleges that Smith was "a partner with and/or agent of " these three proposed individual defendants. (Proposed Amended Complaint paragraph 3).

The proposed amended complaint does not allege any individual misconduct by any of the three proposed new individual defendants. While the applicable rules of procedure are liberal with respect to the amendment of pleadings, the allegations of the proposed amended complaint are not sufficient to state a cause of action against these three individuals. The allegations concerning agency and partnership are conclusory at best, and there is no evidence or allegation that any of these individuals engaged in any actionable misconduct. Allowing this amendment to the pleadings would be futile in these circumstances.

**Conclusion**

Accordingly, I will deny the plaintiffs' motion to amend the complaint; I will dismiss the plaintiffs' claims against ABIC, Worldwide #1, Worldwide #2, and Smith. These dismissals will be without prejudice. Since these dismissals will result in complete diversity of citizenship between the plaintiffs and Voyager, the only remaining defendant, the plaintiffs' motion to remand will be denied.

**SO ORDERED** this 4th day of January, 2007.

s/ L. T. Senter, Jr.
L. T. Senter, Jr.
Senior Judge